## MILLER v. PECK.   (No. 1556.)*

(Court of Civil Appeals of Texas. El Paso. Jan. 17, 1924.  Rehearing Denied Feb. 14, 1924.)

**1. Infants �găă72(1)—Rule as to bailor's right to recover for injury to property from infant bailee stated.**

When an infant bailee has kept within the terms of the bailment, and the injury to the property is due merely to his lack of skill and experience, and not to a wrongful intent, the infant is not liable, for the recovery would be in the nature of damages for breach of contract.

**2. Bailment ⟨ăă3—Mutuality essential to contract may be created by operation of law; "bailment."**

A "bailment" is a contract governed by the same rules as other contracts, but the mutuality essential to the contractual feature may be created by operation of law or the acts of the parties with an intention to contract—(citing Words and Phrases, Second Series, "Bailment").

**3. Bailment ⟨ăă7—Bailee's interest in property stated.**

The bailee has a temporary qualified property in the thing delivered to him, sometimes called a possessory interest, and not a legal interest or special property therein.

**4. Infants ⟨ăă47—Infant held not third person's bailee.**

Where one infant who had been intrusted by owner with the possession of an automobile, delivered the automobile to another infant, the other infant was not a bailee of the owner, in view of incapacity of infants to enter into contractual relations.

**5. Infants ⟨ăă59—Liable for torts.**

A minor is liable for his torts.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Suit by Miss Lois Peck against Felix Miller, Jr., and another. Judgment for plaintiff, and named defendant appeals. Affirmed.

Dyer & Morton, of El Paso, for appellant.

Clark Wright, Armstrong & Morrow, and Jones, Hardie & Grambling, all of El Paso, for appellee.

WALTHALL, J.  Miss Lois Peck brought this suit against Remy Hudson and Felix Miller, Jr., to recover damages, alleging that she was the owner of a Ford Sedan automobile, and that while defendants were in possession, control, and operating same for their individual pleasure they negligently ran the automobile into a moving railroad train, thereby damaging same in its value to the extent of $775.

Defendants filed separate answers, each answering by general exception, general denial, and that at the time of the matters complained of he was only 18 years of age, that he was bailee of said automobile, and that for reasons stated he was not liable to plaintiff. The court appointed a guardian ad litem for each defendant. The case was tried without a jury, and judgment was rendered against defendants, jointly and severally, for $575, with interest.

The court filed findings of fact and conclusions of law.

The facts found are substantially as follows: Lois Peck was the owner of the automobile; her health not permitting her to drive her car, she arranged with Remy Hudson, a youth of 18 years of age, to drive the car for her, when and where she wished, with the agreement that at all other times Remy should keep the car under his control and in his custody, and drive it when and where he liked, and use it as he pleased; that on the night of the accident to the car Remy had used the car in taking Miss Peck to a meeting, and left her there, and on that occasion Felix Miller was riding with them. Remy and Felix drove the car from the meeting, where they left Miss Peck, to the home of a young lady friend, where they were joined by two of their girl school friends. When the four got into the automobile, Felix, with the consent and approval of Remy, sat on the front seat with one of

the young girls, Felix driving the car, and Remy with the other girl occupying the back seat. The four occupied the car in the position as above in a high school parade, and after the parade were returning to leave the girls at their home preparatory to calling for Miss Peck at the meeting where they had left her, and as Remy had been directed by Miss Peck. While returning to the home of the young girls they overtook three school boy acquaintances, who were walking. The boys walking hollowed at the occupants of the automobile as it passed them. After driving about a block, the automobile was turned back toward and passing the boys walking. The automobile was turned again, and continued in its original course, again passing the boys walking. The car did not stop, but continued on at about 10 or 12 miles an hour; the boys on foot running after it. While the car was thus moving, and the occupants of the car were talking, and as Felix says, "were playing and acting foolish among themselves," the automobile came in contact with a moving railroad train, which caused the damage to the automobile complained of.

The court found the damage to the car to be $575; that Felix was negligent in not keeping a lookout for the train; that Felix and Remy were on a joint enterprise in the use then being made of the car. After stating the evidence, the court found that Miss Peck had never at any time told Remy that he could allow any one else to use or drive the car; that Remy.had no authority from the owner to allow another to drive the car; and that Remy knew he had no authority to allow another to drive the car; that the negligence of Felix was the proximate cause of the damage to the car; that at the time of the damage. to the car it was not being driven in the service of the owner; that Felix and Remy are each 18 years of age; that Remy considered Felix to be a careful driver, and in permitting him to drive the car he exercised ordinary and reasonable care; that Felix had no reason to believe that he had the right to drive the car.

The court concluded as a matter of law that Remy "exceeded the use which he had in the car, and was without the authority of the owner to allow another to drive it, and that the accident and damage to the car was not an incident to the contract which he had with the owner of the car, but beyond it." That enterprise being joint, the negligence of the one made them both liable. The fact that both defendants are infants of 18 years of age does not bar a recovery, and plaintiff is entitled to recover against both; that in driving the car at the time of the accident Felix was the agent of Remy and not of Lois Peck.

## Opinion.

Felix Miller, Jr., alone prosecutes.this appeal.

Appellant presents a number of proposi-tions, but we do not understand from any of them that he questions any of the court's findings of facts as not sustained by the evidence, but the propositions are directed to the conclusions of law and the judgment rendered based on the facts found.

Propositions relate to the question of the liability of an infant for his tort arising out of the breach of his contract of bailment. If there was a contract of bailment of the car between Miss Peck and Felix Miller in respect to such use of it as was made at the time of the accident, and the negligent act or tort of Felix Miller in driving the car against a moving train, resulting in the damage to the car, arose out of a contract of bailment, appellee cannot recover, on the ground that, because Felix Miller is an infant, immunity is given him against liability on a breach of his contract.

[1-3] We understand the rule to be that, when the infant has kept within the terms of the bailment, and the injury is due merely to his lack of skill and experience, and not to a wrongful intent, the infant is not liable, for the recovery would be in the nature of a breach of contract. To constitute a contract of bailment in this case, whatever technical definition of a bailment might be adopted, it must appear that Miss Peck, or some person authorized by her so to do, and qualified to act as her agent, made a delivery of the car in trust upon a contract, express or implied, tc Felix Miller; that Felix Miller was thereafter to execute the trust and restore the car to her or to her agent authorized to receive it. In other words, a bailment is a contract governed by the same rules as are other contracts, the mutuality essential to the contractual feature, however, may be created by operation of law, or the acts of the parties, with intention to contract. The bailee has a temporary, qualified property in the thing of which possession is delivered to him, not a legal interest or special property in the deposit, but a custody only, which Blackstone and some writers call a possessory interest.

[4] There is not found in the evidence nor in the findings, either of fact or law, the slightest suggestion that Miss Peck, herself, transferred or delivered the possession or custody of the car to Felix Miller, or in any way suggested or intimated that Felix might drive the car. While Felix was in the car with Remy at the time Miss Peck was in the car, and before she was left at the meeting, the evidence and finding is that Felix took the front seat and drove the car after Miss Peck had gotten out of the car at her place of meeting, and after Remy and Felix had reached the home where the two girl friends joined them; it was then that Felix commenced to drive the car, and then did so at the suggestion of one of the girls, and with the consent of Remy. The permission that Remy could do as he pleased with the car, evident-

ly, was personal to him, and had reference to the use he could make of the car, and, in view of the evidence and findings, excludes the idea that he could let the car out to others to drive. To constitute any contractual relation between Miss Peck and Felix it must have been by reason of the consent of Remy in permitting Felix to drive the car. It seems to us that a bailment contract was not constituted by reason of the consent of Remy that Felix might drive the car, for several reasons. Both Remy and Felix were, in law, infants, and neither could contract. The consent of Remy was an exercise of contractual power involving legal consequences, a power he could not exercise either for Miss Peck or for himself. The contract here asserted is not an executory one that might be voidable only at the instance of the infant. Here he has no opportunity to disavow. Parties with the power to contract are essential to all contracts. Even if it could be said that Remy was the agent of Miss Peck in driving the car, which we do not think the evidence shows, and such agent had given Felix permission to drive the car, even under such circumstances the creation of such relation requires, in legal contemplation, offer and acceptance, and parties must have legal capacity to offer and accept.

We think the above observations are sustained by the following authorities: Northcutt v. State, 60 Tex. Cr. R. 259, 131 S. W. 1128, 31 L. R. A. (N. S.) 822; W. R. Trigg & Co. v. Bucyrus Co., 104 Va. 79, 51 S. E. 175; see 1 Words and Phrases (Second Series) p. 388; R. C. L. vol. 3, p. 72; Hale on Bailment, pp. 205, 206; Tiffany on Agency, p. 24, § 21, and note.

In the above we have assumed that a question of contract of bailment was in the case, and have discussed the question in view of appellant's contention that Felix had the car under such contractual relationship with Miss Peck.

We concur, however, in the insistence of appellee that the record does not present a question of contract of bailment between Miss Peck and Felix Miller. At the time of the damage to the car it was not then being driven in the service of Miss Peck, the owner. Humphrey v. Douglass, 33 Am. Dec. 179 (note); Sims v. Chance, 7 Tex. 561; Lowery v. Cate, 57 L. R. A. 673 (note).

If, as found by the trial court, Felix took control of the car with no reason to believe that he had any contractual right or authority to do so, this excludes any idea of bailment or contractual right to drive the car. Such fact would seem to destroy any idea of mutuality of intention which the law might otherwise. by implication, attach to the acts of the parties.

[5] We have concluded that the negligent act of driving the car into a moving train renders appellant liable, as all the authorities we have examined hold minors liable, as are others, for their own torts. Chandler v. Deaton, 37 Tex. 406; Cooley on Torts (3d Ed.) p. 177.

The propositions presented and discussed by appellant in the able and interesting brief filed state the law as we understand it, where the pleading and the facts disclose a contractual relationship between the owner of the car and the party committing the tort, but in the instant case we do not so view the record.

Finding no reversible error, the case is affirmed.