ro sought temporary and permanent injunctive relief against the City. After a hearing on the request for a temporary injunction, the trial court denied temporary injunctive relief. The Court of Civil Appeals affirmed. 574 S.W.2d 582.

We approve the judgment of the Court of Civil Appeals affirming the denial of a temporary injunction. Our approval is based on the standard of review described in two recent Supreme Court opinions, *Brooks v. Expo Chemical Co.,* 576 S.W.2d 369 (Tex.1979), and *Davis v. Huey,* 571 S.W.2d 859 (Tex.1978). As we stated in both of those opinions, the standard of review in an appeal from a denial of a temporary injunction is whether the trial court abused its discretion in refusing to grant the temporary relief. The sole issue before the trial court is whether the party requesting the relief is entitled to preservation of the status quo of the subject matter pending trial on the merits. Thus, on appeal, the merits of the underlying case are not presented for review. *Brooks v. Expo Chemical Co.,* 576 S.W.2d 369. We find no abuse of discretion in the trial court's implied finding that petitioner is not entitled to a preservation of the status quo. The application for writ of error is refused, no reversible error.

Simon & Simon, Harold D. Hammett and Mike Liles, Fort Worth, for petitioners.

Jones, Trout, Flygare & Moody, Charles B. Jones, Lubbock, Shafer, Gilliland, Davis, Bunton & McCollum, Inc., Perry Davis, Jr. and James M. O'Leary, Odessa, for respondent.

PER CURIAM.

The trial court granted Homer G. Maxey and five other plaintiffs a judgment following a jury trial whereby they recovered substantial damages from Texas Commerce Bank of Lubbock, Texas because of Bank's failure to exercise good faith in a private foreclosure sale of stock in plaintiffs' two closely held corporations. The court of civil appeals concluded that the jury's finding to the special issue inquiring as to the amount of the liabilities of Plaza Building Corporation at the time of the foreclosure sale was against the overwhelming weight of the evidence and reversed and remanded the cause for a new trial. 571 S.W.2d 39.

This Court does not have jurisdiction to pass upon the fact question of the great weight and preponderance of the evidence. *Tippett v. Brannon,* 493 S.W.2d 511 (Tex.

Homer G. MAXEY et al., Petitioners,

v.

TEXAS COMMERCE BANK OF LUBBOCK, Texas, Respondent.

No. B–8010.

Supreme Court of Texas.

March 14, 1979.

Rehearing Denied May 2, 1979.

1973). We therefore refuse the application for writ of error, no reversible error. In doing so, we express no opinion as to the correctness of the holding by the court of civil appeals that the award of prejudgment interest on the amount of actual damages recovered by plaintiffs is limited to the rate of six (6) percent per annum.

**RAILROAD COMMISSION of Texas et al., Appellants,**

v.

**CHARLIE PHILLIPS TRUCKING COMPANY, INC., et al., Appellees.**

No. B–7667.

Supreme Court of Texas.

March 28, 1979.

Mark White, Atty. Gen., Joyce Beasley, Asst. Atty. Gen., Austin, Scurlock, Binion, Brackett & Oldham, Inc., Clint Oldham, Fort Worth, for appellants.

Jerry C. Prestridge, Austin, for appellees.

GREENHILL, Chief Justice.

This is a direct appeal by Rayburne Sand, Incorporated, and the Railroad Commission from a trial court judgment declaring an order of the Railroad Commission to be