NO. 07-04-0333-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JANUARY 26, 2006


______________________________



JUSTIN CHAPMAN, individually, AMARILLO TOWING, INC., 


and H & C LEASING, INC., 



 Appellants


v.



COKER EQUIPMENT SALES, INC., 



 Appellee

_________________________________



FROM THE COUNTY COURT AT LAW NO. 2 OF POTTER COUNTY;



NO. 89,764-2; HON. PAMELA SIRMON, PRESIDING


_______________________________



Memorandum Opinion


_______________________________


Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Appellants, Justin Chapman, d/b/a Amarillo Towing, d/b/a H&C Leasing, Amarillo
Towing, Inc., and H & C Leasing, Inc. (hereinafter collectively referred to as "Chapman")
appeal from a judgment awarding appellee Coker Equipment Sales, Inc. (Coker) damages
for breach of express and implied warranties in the sale of a Mack truck. In seven issues,
Chapman argues 1) there is no evidence of an express warranty of marketable title, 2)
there is no evidence that he warranted the truck would be merchantable, 3) there is no
evidence of damages for failing to provide the vehicle in a "workable condition," 4) the trial
court used an incorrect post-judgment interest rate, 5) the trial court used an incorrect date
to begin calculation of pre-judgment interest, 6) the judgment against all of the appellants
is not supported by the evidence, and 7) he is entitled to attorney's fees. We modify the
judgment of the trial court and affirm it as modified.

 Background

 The dispute arises from the sale of a wrecked Mack truck. Though Coker knew the
vehicle had been wrecked, Chapman represented that it would be repaired to a condition
permitting it to be driven from Amarillo to Dallas. The vehicle was not so repaired, but
rather delivered in parts. Furthermore, Coker discovered it had a salvage title.

 Coker sued for deceptive trade practices and breach of warranty. Trial was to the 
court, and the latter found that Chapman had breached the warranties of marketable title,
merchantability, and fitness for ordinary purpose. Damages were awarded in the sum of
$20,000. Thereafter, Chapman appealed.

 Issues One and Two - Marketability of Title and Merchantability

 Through the first two issues, Chapman contends that the trial court erred in granting
Coker recovery because there was no evidence that the warranties of marketable title and
merchantability were breached. We overrule the contentions.

 Assuming arguendo that there was no evidence illustrating breach of those
warranties, we find no harm. This is so because the trial court also found that Chapman
breached the warranty of fitness for ordinary purpose. Furthermore, Chapman does not
attack that finding on appeal. So, irrespective of the accuracy of Chapman's first two
contentions, there remains a basis upon which liability can be founded.

 Issue Three - No Evidence of Damages

 Next, Chapman argues that there was no evidence supporting the award of
damages. We overrule the issue.

 According to statute, the measure of damages applicable to a breach of warranty
is the difference between the value of the goods as accepted and their value had they
been as warranted. Tex. Bus. & Com. Code Ann. § 2.714(b) (Vernon 1994). Appearing
in the record at bar is testimony by Stanley Coker that the vehicle had a salvage value of
three to five thousand dollars. Furthermore, Coker paid consideration valued at $25,000
for the Mack truck. Thus, according to the witness, Coker suffered damage in the range
of twenty to twenty-two thousand dollars, and Chapman did not object to that testimony. 
See Blanken v. Krasoff, No. 03-00-00541-CV, 2001 Tex. App. LEXIS 4995 at *7-8 (Tex.
App.-Austin July 26, 2001, no pet.) (not designated for publication) (stating that while the
purchase price of an item is not ordinarily evidence of its market value, if the evidence is
admitted without objection then it provides more than a scintilla of evidence illustrating
market value); Bailey County Appraisal Dist. v. Smallwood, 848 S.W.2d 822, 825 (Tex.
App.-Amarillo 1993, no writ) (recognizing that the purchase price of property can be
evidence of its market value). Consequently, there appears of record evidence illustrating
that Coker suffered $20,000 in damages.

 


 Issue Four - Amount of Post-judgment Interest

 Next, Chapman contends that the trial court should have awarded post-judgment
interest at the rate of 5% per annum instead of 10%. Coker did not respond to the
contention in its brief. We agree with Chapman and sustain the issue. 

 The interest rate on post-judgment interest changed in 1993 from 10% per annum
to 5%. Tex. Fin. Code Ann. §304.003(c)(2) (Vernon Supp. 2005). Furthermore, the
change applied to cases in which the final judgment was signed or subject to appeal on or
after the effective date of the Act, that date being June 20, 2003. Columbia Medical Center
of Las Colinas v. Bush, 122 S.W.3d 835, 865-66 (Tex. App.-Fort Worth 2004. pet. denied). 
The judgment in this case was signed on April 16, 2004. Because the judgment at bar was
signed after the effective date of the Act, the interest rate at bar should be 5% per annum
instead of the 10% awarded by the court. The judgment will be modified to reflect the
lower rate.

 Issue Five - Calculation of Pre-judgment Interest

 Chapman argues in his fifth issue that the trial court erred in calculating the amount
of pre-judgment interest due. We agree and sustain the issue.

 Pre-judgment interest begins to accrue beginning on the earlier of the 180th day after
the date the defendant receives written notice of the claim or the date the suit is filed; it
ends on the day preceding the date the judgment is rendered. Tex. Fin. Code Ann.
§304.104 (Vernon Supp. 2005). According to Chapman, the calculation should have
started on August 28, 2000, or 180 days after the demand letter dated March 1, 2000, was
sent by Coker.

 According to the trial court's findings of fact, written notice of its claim was given
Chapman on March 1, 2000. Coker does not attack this finding on appeal. Therefore, pre-judgment interest began to accrue 180 days after March 1, 2000 (i.e. on August 28, 2001),
and ended on April 15, 2004, the day before the judgment was signed. See Garza v.
Texas Alcoholic Beverage Com'n, 89 S.W.3d 1, 6-7 (Tex. 2002) (holding that a judgment
is rendered when it is announced in open court, by memorandum filed with the clerk, or
otherwise announced publicly and when there is a question concerning the date judgment
was rendered, the date the judgment is signed prevails over a conflicting docket sheet
entry). The judgment should be modified to provide for pre-judgment interest in the
amount of $3621.92.

 Issue Six - Joint Liability

 Next, Chapman argues that the trial court erred in finding all the defendants jointly
and severally liable to Coker. This is purportedly so because Coker contracted with H &
C Leasing, Inc., not Chapman or Amarillo Towing, Inc. We overrule the issue for several
reasons.

 First, the two paragraph, nine-line argument is bereft of any citation to authority. 
Consequently, Chapman failed to comply with Rule 38.1(h) of the Texas Rules of Appellate
Procedure, see Tex. R. App. P. 38.1(h) (stating that the argument must contain appropriate
citation to authority), and waived his complaint. Melendez v. Exxon Corp., 998 S.W.2d
266, 280 (Tex. App.-Houston [14th Dist.] 1999, no pet.) (holding that an appellant waives
those issues which he fails to brief in compliance with Rule 38.1(h)).

 Second, the only evidence Chapman cites as establishing that Coker contracted
with H & C Leasing, Inc., and no one else, is irrelevant. This is so because it relates to a
statement made by Coker's president when Coker was selling a trailer to H & C Leasing
or Amarillo Towing, not when Coker was acquiring the Mack truck in dispute here. In other
words, the evidence did not pertain to the transaction underlying the claims at issue. And,
because it did not, we cannot say that it established that only H & C Leasing, Inc. was
liable to Coker.

 Issue Seven - Attorney's Fees

 In his final issue, Chapman argues that he "should be awarded a reasonable
attorney [sic] fee of $8,000 plus a reasonable attorney [sic] fee for this appeal in the event
the Final Judgment is reversed and judgment rendered for Appellants." So too should
such a fee be awarded if the judgment is modified in any respect, Chapman continues. 
Why he believes himself entitle to such relief goes unexplained. Similarly missing is any
mention of authority to support the argument, much less authority entitling him to recovery. 
Nor are we cited to any evidence suggesting that the $8000 sought was a reasonable fee
for whatever work Chapman's counsel purportedly did. Given these circumstances, we
must conclude that the issue was improperly briefed and, therefore, waived. 

 Accordingly, we modify the judgment to reflect that post-judgment interest is to
accrue at the rate of 5% per annum. So too do we modify the amount of pre-judgment
interest due from $4,044.24 to $3,621.92. As modified, the judgment is affirmed. 


 Brian Quinn 

 Chief Justice