## PANHANDLE SOUTH PLAINS FAIR ASS'N v. CHAPPELL.

### No. 5171.

Court of Civil Appeals of Texas. Amarillo.

June 10, 1940.

Rehearing Denied Sept. 3, 1940.

E. L. Klett, of Lubbock, for appellant.

McWhorter, Howard & Cobb, of Lubbock, for appellee.

STOKES, Justice.

This suit was filed by the appellee, E. Chappell, against appellant, Panhandle South Plains Fair Association, a corporation, to recover damages to his automobile which he alleged was damaged by fire to the point of practical destruction while located in a parking space reserved for that purpose by appellant on its fair grounds at Lubbock on September 28, 1938. Appellee alleged that while he and his family were attending the exposition conducted by appellant, the latter became bailee for hire of his automobile. In explaining the manner in which the relationship of bailor and bailee arose, he alleged that appellant maintained a tract of land which it held out to the public to be a safe place for its patrons to park their automobiles. He alleged that the grounds were fenced, with gates and guards at the places of entrance

and exit, and that he was the owner of an automobile which he drove into the grounds at the solicitation of appellant whose agents directed the place where it should be parked. He alleged that appellant took possession of his automobile and agreed safely to keep it during the time it remained on the grounds of appellant; that the automobile was damaged by fire while in the possession and upon the grounds of appellant, and that the fire which damaged the same had its origin on appellant's premises. He alleged that when delivered to appellant the car was of the value of $350 and that after it was damaged by fire its value was only $50.

Appellant answered by general demurrer and general denial and the case was submitted to a jury upon special issues. The jury found (1) that appellant maintained a tract of land which it held out to be a safe place to park the automobiles of its patrons; (2) that appellee paid appellant a consideration of 25¢ for the parking of his car in said tract of land; (3) that appellant, through its agents and employees, directed appellee where to park his automobile; (4) that the automobile was placed in said tract as directed by appellant's agents and employees; (5) that the car was damaged by fire, and (6) the amount of the damage was $300.

At the close of the testimony appellant filed and urged a motion for a peremptory instruction in its favor which was overruled and judgment was entered by the court in favor of appellee for the sum of $300. Appellant filed a motion for a new trial, which was overruled, and it has perfected an appeal to this court.

The controlling questions in the case are, first, do the pleadings and the evidence present a case in which the relationship of bailor and bailee was created between the parties involved, and, secondly, is the judgment entered by the court supported by the findings of the jury and the evidence in the case?

The case was tried and the judgment entered by the court upon the theory that the relationship of bailor and bailee existed between appellant and appellee; that the facts alleged and proved by appellee were sufficient to establish the relationship and that appellant was liable to appellee under the rules of law pertaining to bailments.

█ A bailment is generally understood to be a delivery of personal property in trust under a contract, either express or implied, that the trust shall be executed and the property restored to the bailor or person delivering the same when the purpose or duty arising under the contract has been discharged. Wilson v. Shear Co., Tex.Civ. App., 3 S.W.2d 849; Northcutt v. State, 60 Tex.Cr.R. 259, 131 S.W. 1128, 31 L.R.A.,N. S., 822; City Nat'l Bank v. Conley, Tex. Civ.App., 228 S.W. 972.

█ According to the above authorities and many others, in order to effect a bailment it is essential that a delivery of the property or article involved in the bailment be made to the bailee by the bailor, except in constructive bailments which arise under circumstances not involved here. Likewise an essential element of bailment is the acceptance by the bailee of the article bailed under an agreement to restore it to the bailor when the purposes of the bailment have been discharged. During the existence of the bailment, the bailee is clothed with evidence of ownership which means possession, and the contract must be such as to place him legally in possession of the property. Miller v. Peck, Tex.Civ.App., 258 S.W. 887. While appellee alleged that for a valuable consideration paid by him, appellant became a bailee of his automobile, and that it took possession thereof and agreed safely to keep the same, the evidence fails to support the allegations. Appellee testified that he drove up to the gate of the exposition, paid the admission charge of 50¢ for each of the occupants of his automobile and 25¢ extra for a parking place inside the fair grounds. He said that after entering the fair grounds he drove down a driveway east of the gate and was directed to a driveway leading south, into which he turned, and was then directed by someone where to park his car. He said he parked it according to the instructions given him and that when the occupants alighted from the car he set the brake, closed the doors and openings, locked the doors, put the keys in his pocket and went to the places of amusement being conducted by the exposition. No ticket or check was issued to him by anyone nor was anything else done or said that indicated he was leaving his car in the possession or custody of appellant or any of its employees. He said that when he returned some four hours later, his car had been practically destroyed by fire which the evidence shows was the result of burning grass. One of his witnesses testified that the grass was ignited

from a burning cigarette and that efforts made by some boys, who evidently were patrons of the exposition, to remove the car, were unavailing because it was locked and the brake applied.

We do not find anything in this testimony which could be construed as a bailment. Appellee does not claim that appellant or any of its employees took possession of his automobile or had anything whatever to do with it after he left it with the brake set and the doors locked. He retained possession of the keys and testified that he could have taken the car out of the fair grounds at any time he desired to do so. Moreover, there is wholly lacking any evidence to show that appellant or any of its employees accepted possession of the car or exercised any authority or control over it at any time. The nearest the testimony comes to establishing this essential element of a bailment is that some one who appeared to be directing the location and parking of cars generally, indicated to appellee the direction and lane where a suitable parking space was available, and this cannot be said to constitute an acceptance of the custody of the car.

■ As to the second question, viz., is the judgment supported by the findings of the jury and the evidence in the case, manifestly if the relationship of bailor and bailee was not created in the transaction, and appellee was not entitled to recover upon that theory, it then became necessary for him to allege and prove a case in which appellant owed him some duty and that he was damaged either by the failure of appellant to perform it or by such duty having been performed in a negligent manner. There is no allegation of negligence contained in the petition other than that which assumes the relationship of bailor and bailee, nor does the evidence disclose the violation of any duty which appellant owed to appellee under any contract nor that appellee was damaged by any act of negligence of appellant. We think the case is controlled by the doctrine announced by the Supreme Court of Oklahoma in the case of Lord v. Oklahoma State Fair Association, 95 Okl. 294, 219 P. 713. That case in all of its aspects was very similar to the instant case and the court held that the automobile was not, in a legal sense, delivered into the possession of the Fair Association but that the plaintiff had paid the sum of 25¢ for the privilege of taking his car

within the defendant's enclosure, and that this was done for his own convenience. It was held, therefore, that the defendant was in no respect liable for its loss. See also Ex parte Mobile Light & R. Co. (Thompson v. Mobile, etc.), 211 Ala. 525, 101 So. 177, 34 A.L.R. 921.

The effect of the findings of the jury is that appellant maintained a tract of land which it held out as a safe place to park automobiles and that appellee paid 25¢ for that privilege; that the agents and employees of appellant directed appellee where to place his automobile and that he parked it in the place designated by them. Certainly there is no finding here that appellant did anything which could be construed as negligence. It was not alleged nor shown that appellant was guilty of negligence in connection with the fire and, in our opinion, the judgment entered by the court is wholly lacking in support of jury findings or evidence.

The judgment is reversed and the cause remanded.