**ALLRIGHT, INC., Appellant,**

v.

**Roy Lee ELLEDGE, Jr., Appellee.**

**No. 16310.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Sept. 5, 1974.

Rehearing Denied May 9, 1974.

Tipton & Bishop, George M. Bishop, Houston, for appellant.

Chilton Bryan, Lowell T. Cage, Houston, for appellee.

## OPINION ON ANSWER TO CERTIFIED QUESTION

COLEMAN, Justice.

On April 11, 1974 this court rendered an opinion, 508 S.W.2d 864, affirming the judgment of the County Civil Court at Law of Harris County, in which we held that a contract entered into between appellant and appellee limiting appellant's liability for loss of the bailed automobile owned by appellee for theft occasioned by appellant's negligence was void as against public policy. After the motion for rehearing was overruled appellant filed a motion to certify the question to the Supreme Court in accordance with Rule 465, Texas Rules of Civil Procedure. The motion was granted and this court certified to the Supreme Court the following question:

"Is a written agreement, entered into by a parking lot owner and an individual parking in a parking facility on a month to month basis, which agreement limits the parking lot owner's liability to a maximum of $100.00 for loss to the bailed automobile due to theft occasioned by the ordinary negligence of the parking lot owner, void as against public policy?"

This question was answered: "No" by the Supreme Court, —— S.W.2d ——. It therefore becomes our duty to enter a judgment in accordance with this answer of the Supreme Court.

Accordingly, the judgment of the trial court is modified in that the plaintiff, Roy Lee Elledge, Jr., will recover from the defendant, Allright, Inc., the sum of $100.00 instead of the sum of $682.13 decreed by the trial court. As modified the judgment of the trial court is affirmed. The costs on appeal are adjudged against the plaintiff, Roy Lee Elledge, Jr.