**ALLRIGHT AUTO PARKS, INC., Appellant,**

v.

**Richard C. MOORE, Appellee.**

No. 15800.

Court of Civil Appeals of Texas, San Antonio.

Nov. 9, 1977.

Rehearing Denied Dec. 14, 1977.

George M. Bishop, Houston, Harry A. Nass, Jr., San Antonio, for appellant.

Steven D. Browne, Clemens, Spencer, Welmaker & Finck, San Antonio, for appellee.

MURRAY, Justice.

Following trial without a jury, judgment was rendered by the district court in favor of plaintiff, Richard C. Moore, for $2,600.00, being the value of his automobile which was parked in defendant's parking lot and thereafter stolen, and against defendant, Allright Auto Parks, Inc., who is in the business of operating an automobile parking lot at the San Antonio International Airport.

On February 28, 1974, plaintiff drove a 1972 Ford LTD convertible to a short term parking lot at the San Antonio Municipal Airport. Upon entering the lot, plaintiff received a ticket from a machine that con-

trols the entrance gate and which causes the gate arm to raise and close automatically. Mr. Moore chose his own parking place and parked the car, locked it, and took the keys with him when he departed on a flight to Cleveland, Ohio. The machine receipt ticket was left in the automobile above the sunvisor. The short term lot is enclosed by a fence, with the exception of the entrances and exit. Upon exiting the lot, the driver presents the ticket he received from the entrance gate to the cashier for the purpose of calculating the fee owed for the particular length of time parked. The parties agreed that the car was stolen by an unknown third party sometime between February 28, 1974 through March 5, 1974.

■ Appellant, by point of error, asserts that the trial court erred because appellee failed to prove that a bailor-bailee relationship existed during the period of February 28, 1974 through March 5, 1974. Appellee relies on a presumption of negligence arising from the fact that the transaction was a bailment. Absent a bailment, it is apparent that the appellee has not met his burden of proof.

■ In order to constitute a bailment transaction there must be a contract, express or implied, delivery of the property to the bailee, and acceptance of the property by the bailee. An essential element of a bailment is delivery of the property by the bailor to the bailee, and without such delivery there can be no bailment. *Allright, Inc. v. Elledge*, 508 S.W.2d 864 (Tex.Civ.App.— Houston [1st Dist]), *certified question answered*, 515 S.W.2d 266 (Tex.1974), *jdgmt. modified*, 513 S.W.2d 875 (Tex.Civ.App.— Houston [1st Dist.] 1974, no writ); *Bill Bell, Inc. v. Ramsey*, 284 S.W.2d 244 (Tex.Civ. App.—Waco 1955, no writ); *Rust v. Shamrock Oil & Gas Corp.*, 228 S.W.2d 934 (Tex. Civ.App.—Amarillo 1950, no writ); *Panhandle South Plains Fair Ass'n v. Chappell*, 142 S.W.2d 934 (Tex.Civ.App.—Amarillo 1940, no writ).

■ The very essence of a contract of bailment is that after its purpose has been fulfilled the bailed property shall be redelivered to the bailor. *English v. Dhane*, 294 S.W.2d 709 (Tex.1956); *Panhandle South Plains Fair Ass'n v. Chappell*, supra.

■ The creation of a bailment requires that possession and control over an object pass from the bailor to the bailee. We hold that a relationship of bailment has not been established, and control over the automobile did not pass from the bailor to the bailee. *1420 Park Road Parking, Inc. v. Consolidated Mut. Ins. Co.*, 168 A.2d 900 (D.C.Mun. App.1961); *Equity Mutual Ins. Co. v. Affiliated Parking, Inc.*, 448 S.W.2d 909 (Mo.App. 1969).

In a similar case, involving a theft of an automobile from a parking lot at O'Hare Airport in Chicago, in holding that there was no bailment, the Court stated:

> While it is true . . . defendant could have restrained Wall from exiting the lot without paying the parking charges, this in no way relates to any possession or control which defendant may have exercised over the automobile, but merely relates to the power of defendant to enforce its lien for the parking charges.
>
> \*   \*   \*   \*   \*   \*
>
> While there need not be a delivery of the property in the technical sense, there must be an actual change of possession of the property from the bailor to the bailee.

*Wall v. Airport Parking Co. of Chicago*, 88 Ill.App.2d 108, 232 N.E.2d 38 (1967), *aff'd*, 41 Ill.2d 506, 244 N.E.2d 190 (1969).

In the present case the facts indicate that control did not pass from Mr. Moore to Allright Auto Parks, Inc. Mr. Moore chose his own parking space; locked the car; took the keys with him; and obtained a ticket from an automatic machine, issued not for the purpose of identifying the automobile, but rather for determining time in computing the fee.

Since no bailment contract may be implied, no presumption of negligence has been established and the plaintiff must prove affirmative negligence on the part of Allright Auto Parks, Inc. to establish liability for the theft of the car. There is no

evidence from which that negligence may be inferred.

The judgment of the trial court is reversed and judgment is rendered for appellant.

CADENA, Chief Justice, concurring.

Since plaintiff's theory depends on the "presumption" of negligence which arises from the bailor-bailee relationship, I agree that the defendant is entitled to rendition of judgment in its favor. I do not understand Justice Murray's opinion as indicating that, in the absence of such relationship, the operator of a "park and lock" parking lot or garage owes no duty to take reasonable precautions to prevent theft of a customer's car.