James A. RAGLAND, Appellant,

v.

ALLRIGHT PARKING, INC., Appellee.

No. 15862.

Court of Civil Appeals of Texas, San Antonio.

Nov. 22, 1977.

Rehearing Denied Dec. 21, 1977.

Paul B. Keller, San Antonio, for appellant.

Harry A. Nass, Jr., San Antonio, George M. Bishop, Houston, for appellee.

KLINGEMAN, Justice.

This case involves the theft of a pick-up truck from the San Antonio Municipal Airport parking lot. Plaintiff, James A. Ragland, appeals from a judgment that he take nothing in his suit against Allright Parking, Inc. entered after a trial by the court without a jury. The evidence consists of (1) a stipulation of facts; (2) the testimony of plaintiff; and (3) an exhibit, which is the parking ticket involved. The trial court made findings of fact and conclusions of law.

This case is similar in facts and in points of law to that involved in *Allright Auto Parks, Inc. v. Richard C. Moore* (Tex.Civ. App.—San Antonio, November 9, 1977, not yet reported). The only differences in such cases are (1) in *Allright Auto Parks, Inc. v. Moore*, the parking ticket involved was left by Moore in the automobile above the sunvisor; (2) in *Allright Auto Parks, Inc. v. Moore* the trial court entered judgment for plaintiff for the value of the automobile; and (3) in the case before us, judgment was entered for defendant.

In both *Allright Auto Parks, Inc., supra,* and the herein case, the plaintiffs chose their own parking place, parked their automobiles, and carried their keys with them when they departed. We held in *Allright Auto Parks, Inc., supra,* that no bailment was created or existed, and rendered judgment for the parking lot operator. We adhere to our holding in *Allright Auto Parks, Inc., supra.*

On April 3, 1974, plaintiff drove his pick-up truck to a parking lot operated by defendant at San Antonio Municipal Airport, which defendant leased from the city of San Antonio. Upon entering the lot, plaintiff received a ticket from a machine that controls the entrance gate and which causes the gate arm to rise and close automatically. Upon exiting the lot the driver presents such ticket to the cashier for the purpose of calculating the fee owed for the particular length of time parked. Plaintiff, after receiving the ticket, did not read it. When plaintiff returned, his pick-up truck was gone and he reported this to an employee of defendant. The truck was then reported to the San Antonio Police as stolen.

By a stipulation of fact, the parties agreed that (1) defendant operated the parking lot involved; (2) plaintiff parked his truck in such lot on April 3, 1974; (3) the reasonable market value of the pick-up truck was $4,518.38; (4) security for the airport parking lot is provided by the airport police who are employed by the city of San Antonio; and (5) defendant had no duty to provide security for the parking lot in question on any of the dates in question.

The trial court found in its findings of fact and conclusions of law that the truck was not delivered into the possession or custody of defendant; that plaintiff's loss was sustained as a result of a theft by an unknown party from the parking lot; and concluded that no bailment was created or existed between plaintiff and defendant.

Plaintiff urges that a bailor-bailee relationship existed between plaintiff and defendant and relies on a presumption of negligence arising in a bailment transaction. There is nothing in the record to establish any negligence on the part of defendant.

By two points of error plaintiff asserts that the trial court erred in holding that no bailment was created or proven.[1]

▪ In order to constitute a bailment transaction there must be a contract, express or implied; delivery of the property by the bailor to the bailee; and acceptance of the property by the bailee. An essential element of a bailment is delivery of the property by the bailor to the bailee and without such delivery there can be no bail-

---

1. By a third point of error, plaintiff asserts that the trial court erred in giving effect to the disclaimer printed on the parking ticket since the evidence shows that plaintiff did not read the ticket and such disclaimer was not brought to his attention. In view of our holding herein, it is not necessary to consider this point of error as the take nothing judgment is here sustainable without resorting to this additional defense.

ment. *Allright Auto Parks, Inc. v. Moore, supra; Allright, Inc. v. Elledge,* 508 S.W.2d 864 (Tex.Civ.App.—Houston [1st Dist.]), *certified question answered,* 515 S.W.2d 266 (Tex.1974), *jdgmt. modified,* 513 S.W.2d 875 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ); *Panhandle South Plains Fair Ass'n v. Chappell,* 142 S.W.2d 934 (Tex.Civ.App.—Amarillo 1940, no writ).

■ Appellant relies heavily on *Farmers Gin Co. v. Texas Electric Ry. Co.,* 232 S.W.2d 890 (Tex.Civ.App.—Waco 1950, writ ref'd n. r. e.) and *Allright, Inc. v. Elledge, supra.* These cases are distinguishable and differ from the case before us in the amount and degree of possession and control of the alleged bailee and are not here controlling. In our case the facts indicate that possession and control did not pass from Ragland to Allright Parking, Inc. The herein case falls in the category of such cases as *Panhandle South Plains Fair Ass'n, supra; Allright Auto Parks, Inc., supra; Wall v. Airport Parking Co. of Chicago,* 88 Ill.App.2d 108, 232 N.E.2d 38 (1967), *aff'd,* 41 Ill.2d 506, 244 N.E.2d 190 (1969);[2] and *Ellish v. Airport Parking Co. of America, Inc.,* 42 A.D.2d 174, 345 N.Y.S.2d 650 (S.Ct. 1973), *aff'd,* 34 N.Y.2d 882, 359 N.Y.S.2d 280, 316 N.E.2d 715 (1974).

Plaintiff must and does rely on the presumption of negligence arising in a bailment since he did not prove any negligence on the part of defendant. Thus, it was incumbent upon him to prove the existence of a bailment. This he failed to do. The undisputed evidence shows the plaintiff chose the place to park his pick-up truck, locked the truck, and kept the keys in his possession. The trial court correctly held that no bailment was created or existed.[3]

The judgment of the trial court is affirmed.

2. *Wall* involved a theft of an automobile from a parking lot at O'Hare Airport in Chicago. The court, in holding that there was no bailment, stated:

> While it is true . . . defendant could have restrained Wall from exiting the lot without paying the parking charges, this in no way relates to any possession or control which defendant may have exercised over

the automobile, but merely relates to the power of defendant to enforce its lien for the parking charges.

3. In view of the holding herein we do not deem it necessary to discuss the effect of the stipulation entered into by the parties that defendant had no duty to provide security for the parking lot in question on any of the dates in question in this incident.