TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00706-CV







Gregorio Garza, Appellant



v.



Blue Cross and Blue Shield of Texas, Inc.; and Group Life & Health


Insurance Company, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 95-11137, HONORABLE PETER M. LOWRY, JUDGE PRESIDING








 Gregorio Garza appeals from a summary judgment that he take nothing by his
actions against Blue Cross/Blue Shield of Texas, Inc., and Group Life and Health Insurance
Company ("Appellees"). (1) Garza appeals as well from the trial court's denial of his opposing
motion for partial summary judgment. We will reverse the summary judgment recovered by
Appellees, affirm the trial court judgment denying Garza's motion for summary judgment, and
remand the cause to the trial court.


THE CONTROVERSY


 Appellees insured Garza, a state employee, under a group accidental-death and
dismemberment policy administered by Appellees under the provisions of the Texas Employees
Uniform Group Insurance Benefits Act. See Tex. Ins. Code Ann. art. 3.50-2 (West 1981 & Supp.
1999) (the "Act"). After losing his sight in one eye due to an accident, Garza made a claim for
benefits under the policy. Appellees opposed the claim. Garza ultimately prevailed in a
contested-case proceeding under section 5B of the Act, conducted by an administrative law judge
employed by the State Office of Administrative Hearings. Appellees paid the benefits claimed. 
Garza thereafter sued Appellees in the present cause, seeking additional sums on allegations of
breach of contract, negligence and gross negligence, and statutory causes of action authorized by
the Texas Insurance Code and the Texas Business and Commerce Code.

 Against Garza's causes of action, Appellees interposed the affirmative defense of
official immunity and moved for summary judgment on that ground. Garza moved for partial
summary judgment on the ground that his actions were not, as a matter of law, barred by the
doctrine of official immunity. In a single judgment, the trial court sustained Appellees' motion
and denied Garza's motion, ordering that he take nothing based on the doctrine of official
immunity.

 Garza appeals now on three issues: (1) appellees did not establish as a matter of
law the elements of official immunity; (2) affidavits filed in support of Appellees' motion are
incompetent proof because, among other things, they do not show the entirety of a government
contract under which Appellees claim official immunity; and (3) there was no summary judgment
"evidence" showing as a matter of law that Appellees' conduct involved government discretion,
an essential element of the defense of official immunity.

 For reasons that will appear below, we will sustain Garza's position on the first two
issues; consequently, we need not address his third issue. We will discuss separately Garza's
appellate complaint directed at the denial of his motion for partial summary judgment.


DISCUSSION AND HOLDINGS


 The doctrine of official immunity protects the interests of government by protecting
its officers and employees from suits and liabilities based on actions taken by them in the good-faith performance of discretionary duties coming within the scope of their official authority. See
Kassen v. Hatley, 887 S.W.2d 4, 8 (Tex. 1994). Where official immunity protects a government
officer or employee, the government entity for which they act derives immunity therefrom by
operation of the respondeat superior principle. See Dewitt v. Harris County, 904 S.W.2d 650,
653-54 (Tex. 1995); City of Houston v. Kilburn, 849 S.W.2d 810, 812 (Tex. 1993). This derived
immunity is not to be confused with the government entity's sovereign immunity, which protects
the government entity directly. See Kassen, 887 S.W.2d at 8. 

 The Board of Trustees of the Employees Retirement System of Texas, a unit of
state government, acts as "trustee" under the Act. See Act § 3(a)(11). Section 4 of the Act
provides as follows:


The administration and implementation of this Act are vested solely in the trustee. 
As it shall deem necessary to insure the proper administration of this Act and the
insurance coverages, services, and benefits provided for or authorized by this Act,
the trustee, as an agency of the State of Texas, shall have full power and authority
to hire employees. The duties of such employees and their compensation shall be
determined and assigned by the trustee. The trustee may, on a competitive bid
basis, contract with a qualified, experienced firm of group insurance specialists or
an administering firm who shall act for the trustee in a capacity as independent
administrators and managers of the programs authorized under this Act. The
independent administrator so selected by the trustee shall assist the trustee to
insure the proper administration of the Act and the coverages, services, and
benefits provided for or authorized by the Act and shall be paid by the trustee . .
. Also, as an agency of the State of Texas, the trustee shall have full power and
authority to enter into interagency contracts with any department of the State of
Texas. The interagency contracts shall . . . define the services to be performed by
the departments for the trustee. The trustee shall have full power and authority to
promulgate all rules, regulations, plans, procedures, and orders reasonably
necessary to implement and carry out the purposes and provisions of this Act in all
its particulars, . . . .



Act § 4 (emphasis added).

 Section 4, on its face, contemplates that the trustee, an artificial person, shall
exercise its exclusive power of administration and implementation through rulemaking and through
contracts with others, namely:  (1) contracts with employees; (2) interagency contracts with other
departments of the state; and (3) competitive-bid contracts with "independent administrators and
managers" who "act for" and "assist the trustee to insure" proper administration of the Act and
the coverages, services, and benefits provided thereunder. It is undisputed that Appellees entered
into a contract falling within the third class of contracts, and base their claim of official immunity
on section 4 of the Act and the terms of their contract as independent administrator. It is also
undisputed that the trustee is a government entity and that Appellees are private corporations
engaged in the business of insurance in addition to their work as independent administrator under
the contract. 

 Because Appellees are not themselves government officers or employees, it appears
at first blush that they could not meet the first prerequisite for invocation of the doctrine of official
immunity; that doctrine is generally not available to private persons because litigation against them
does not have the effect of frustrating or disrupting government functions and discouraging
efficient and effective public service--the purposes underlying the doctrine. See Wyatt v. Cole, 504
U.S. 158, 168-69 (1992). But it is sometimes necessary or convenient for government entities
to contract with private persons to perform duties that the government entities are legally required
to perform, perhaps by the terms of a statute or a court order. In those exceptional circumstances
the private contracting parties may be entitled to invoke the doctrine of official immunity. See
e.g., Eagon v. City of Elk City, 72 F.3d 1480, 1489-90 (10th Cir. 1996); Williams v. O'Leary,
55 F.3d 320, 323-24 (7th Cir. 1955). This exception to the general rule is the basis of decision
in Guerrero v. Tarrant County Mortician Services Co., 977 S.W.2d 829, 832 (Tex. App.--Fort
Worth 1998, pet. denied); Knowles v. City of Granbury, 953 S.W.2d 19, 24 (Tex. App.--Fort
Worth 1997, pet. denied); and Puthoff v. Ancrum, 934 S.W.2d 164, 169 (Tex. App.--Fort Worth
1996, writ denied). (2)

 We turn then to determine whether Appellees established the aforesaid exception
as a matter of law, which they claim by citation to Guerrero, Knowles, and Puthoff. We conclude
the summary judgment proof fails in that regard.

 Appellees' contract with the trustee is not found in the summary judgment record. (3) 
The record does include verified fragments of two other documents. The first is a copy of a
"Request for Proposal" issued by the Employees Retirement System of Texas, pertaining to a
proposed contract to provide services as an independent administrator under section 4 of the Act. 
The document is verified by an affidavit to which it is attached. The first twenty-six pages of the
document are omitted from the verified copy, however, and the affiant's oath extends only to the
pages attached to his affidavit. The record also contains what is represented to be a copy of
Appellees' response to the "Request for Proposal." According to the affiant who verified the
attached copy, it is Appellees' response to the "Request for Proposal" and was accepted by the
System as a basis for their resulting contract. The copy of this document also appears to be only
a part of Appellees' response. And while the affiant declares that the copy sets forth Appellees'
obligations and rights as independent administrator in the resulting contract, he does not swear
that the attached pages set forth the entirety of Appellees' obligations and rights under the
resulting contract, if we understand correctly the tenor of his affidavit.

 In sum, the summary judgment record does not establish directly (by a verified
copy of the contract itself) nor indirectly (by reference to the proposal and response) the complete
terms of the contract made by Appellees and the trustee whereunder the former acts as
independent administrator. Because of this deficiency in the record, one cannot determine as a
matter of law the nature or relevancy of Appellees' duties under the contract, which of them are
governmental in nature and represent duties that the trustee is legally required to perform, or
whether the trustee retained a duty to perform itself any particular duties.

 Given the foregoing omissions from the summary judgment record one cannot know
whether the purposes of the official immunity doctrine are at risk by reason of Garza's causes of
action. And if the purposes of the doctrine are not exposed to injury by reason of a particular
function that might be pertinent, then the exception cannot apply. See Forrester v. White, 484
U.S. 219, 227 (1988) ("immunity is justified and defined by the functions it protects and serves,
not by the person to whom it attaches."). Moreover, the immunity attaches to private persons
with respect to only those acts for which the government entity would have been immune had it
performed them directly instead of contracting for their performance by private persons. See
Eagon, 72 F.3d at 1489.

 Notwithstanding any deficiency in the summary judgment record, it appears that
all of Garza's causes of action pertain, on their face at least, to Appellees' responsibilities as
Garza's insurer--that Appellees failed promptly to pay or settle his claim after liability had become
reasonably clear and that they engaged in unfair or deceptive acts or practices in the business of
insurance. Appellees have not shown, as a matter of law, that any of their functions as
independent administrator are pertinent to these allegations; much less have they shown that these
functions are functions the trustee was itself legally required to perform. In these circumstances,
it cannot be said as a matter of law that Appellees established their affirmative defense of official
immunity. See NF Indust. v. Export-Import Bank, 846 F.2d 998, 1000-01 (5th Cir. 1988)
(Defendant "has made no showing here that its duties require the exercise of governmental
policymaking as distinguished from insurance policy-writing.").

 We hold accordingly and reverse the summary judgment that Garza take nothing
by his actions against Appellees.

 There remains the issue of whether the trial court erred in denying Garza's motion
for summary judgment.

 The first ground urged by Garza in his motion for summary judgment was that
Appellees were not, as a matter of law, entitled to invoke the official-immunity defense because
they were not government employees or officers. What we have said above in connection with
Appellees' opposing motion is sufficient to demonstrate that Garza was not entitled to judgment
as a matter of law on this ground. The record simply does not justify a determination as a matter
of law that the exception to the general rule does or does not apply.

 Garza urged in his second ground that there was "no evidence" that governmental
discretion, an essential element of the official-immunity defense, "was involved in the acts made
the basis of plaintiff's petition, which involved negligence and other torts in the business of
insurance." He contends now that the record contains no such evidence and the trial court erred
because it was required, in this state of the record, to grant Garza's motion. See Tex. R. Civ. P.
166a(i).

 We are not prepared to say, as a matter of law, that none of the duties evidently
required of Appellees as independent administrators "involved" acts made the basis of Garza's
causes of action. For example, the "Request for Proposal" and Appellees' response thereto,
although fragmentary, set out certain duties Appellees were required to perform in connection
with contested-case proceedings such as that which preceded payment of Garza's claim. The
verified copies of these documents, while not evidence sufficient to establish the entirety of
Appellees' contract with the trustee, are some evidence of Appellees' duties as independent
administrator. One cannot say with assurance that Appellees' duties in connection with Garza's
contested-case proceeding had nothing to do with the delays in payment of which he complains
in his petition. Evidence justifying a conclusion of that kind is not to be found in the summary
judgment record.

 We hold the trial court did not err in denying Garza's motion for partial summary
judgment.

 For the reasons given, we reverse the judgment recovered by Appellees, affirm the
denial of Garza's motion for partial summary judgment, and remand the cause to the trial court.



 


 John E. Powers, Justice

Before Justices B. A. Smith, Yeakel and Powers*

Affirmed in Part; Reversed and Remanded in Part

Filed: December 2, 1999

Do Not Publish
















* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Garza alleged that Group Life and Health Insurance Company is a "wholly owned and
controlled subsidiary of" Blue Cross/Blue Shield of Texas, Inc. It appears that neither Appellee
denied the allegation. Group Life and Health Insurance Company issued the group policy
involved in the present litigation; and, the company administers a part of that policy for the Board
of Trustees of the Employees Retirement System of Texas. Blue Cross/Blue Shield of Texas,
Inc., administers for the Board another part of the policy. Garza alleged that both insurers, Group
Life and Health Insurance Company and Blue Cross/Blue Shield of Texas, Inc., were insurance
companies licensed to do business in Texas. The allegation was not denied. Because of the
foregoing allegations and apparent identity of interests involved, and to obtain some clarity in our
discussion, we will refer to the two insurers collectively as "Appellees."
2. In relation to the doctrine of sovereign immunity, it has been said numerous times that
the government's immunity from suit does not extend to an independent contractor doing work
for the state, but a private person contracting with government to perform services shares the
government's immunity when the government directs and controls the details of his work. See,
e.g., K.D.F. v. Rex, 878 S.W.2d 589, 597 (Tex. 1944); TRST Corpus v. Financial Center, 1999
Tex. App. LEXIS 5826 (Tex. App.--Houston [14th Dist.] August 5, 1999); Lyons v. Lindsey
Morden Claims Management, 958 S.W.2d 86, 91 (Tex. App.--El Paso 1998), motion for rehearing
overruled, 985 S.W.2d 86 (1999); Gonzales v. Heard, Goggan, Blair & Williams, 923 S.W.2d
764, 766 (Tex. App.--Corpus Christi 1996, writ denied); Perser v. City of Arlington, 738 S.W.2d
783, 784 (Tex. App.--Fort Worth 1987, writ denied). One decision, Bennack Flying Service v.
Balboa, 1999 Tex. App. LEXIS 4757 (Tex. App.--Corpus Christi June 24, 1999), appears to apply
these sovereign-immunity distinctions in the context of an official-immunity defense.
3. In his motion for summary judgment, Garza pointed out these omissions from the
verified copies, stating that the omission may have been intentional because the contract actually
arrived at by Appellees and the trustee covered only health-benefit claims and stated that
Appellees were "independent contractors" whose employees would not be considered employees
of the State of Texas or the Employees Retirement System of Texas. Garza did not, however, file
in the summary judgment record a verified copy of the entire contract, the "Request for
Proposal," or Appellees' response. He stated, however, that the contract itself was a "public
document."



ins
in his petition. Evidence justifying a conclusion of that kind is not to be found in the summary
judgment record.

 We hold the trial court did not err in denying Garza's motion for partial summary
judgment.

 For the reasons given, we reverse the judgment recovered by Appellees, affirm the
denial of Garza's motion for partial summary judgment, and remand the cause to the trial court.



 


 John E. Powers, Justice

Before Justices B. A. Smith, Yeakel and Powers*

Affirmed in Part; Reversed and Remanded in Part

Filed: December 2, 1999

Do Not Publish
















* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Garza alleged that Group Life and Health Insurance Company is a "wholly own